UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL-MALIK-BEY ALI,

    Plaintiff,

    v.                                        CAUSE NO. 3:23-CV-396-DRL-MGG

DAVID LIEBEL,

    Defendant.

OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali, a prisoner without a lawyer, began this case by filing an unsigned complaint in the United States District Court for the Southern District of Indiana. ECF 1. The case was transferred to this court because it discussed events that are occurring in this district. ECF 9. However, Mr. Ali did not file this case to raise independent claims. He filed it in the Southern District to enforce the allegedly breached settlement agreements in *Ali v. Peterson*, 1:17-cv-1517 (S.D. Ind. filed May 9, 2017) and *Smith v. Peterson*, 1:19-cv-4671 (S.D. Ind. filed November 24, 2019). A copy of the settlement is attached to the unsigned complaint. Federal Rule of Civil Procedure 11(a) requires all filings be signed. Normally, a party would be permitted a brief time to file a signed copy of an unsigned filing. However, that would be futile because the settlement agreement can only be enforced by a court in Marion County, Indiana. The settlement agreement stipulates that: "Any action to enforce this Agreement may be brought in the United States District Court for the Southern District of Indiana or the Marion Superior

Court, and each party waives the right to a change of venue from Marion County, Indiana." ECF 1-1 at ¶ 20.

This is not the first time Mr. Ali has sought to enforce this settlement agreement. Last year, he filed an "Emergency Motion" in the Southern District that was used to open a new case because he did not put a cause number on it. That case was transferred to this court for the same reason this case was transferred here. *See Ali v. Liebel*, 3:22-cv-488 (N.D. Ind. filed June 24, 2022). That case was dismissed as inadvertently opened because it was clear Mr. Ali had not intended to file a new lawsuit in this district seeking to enforce the settlement agreement.

Also transferred with that case was a motion captioned for 1:17-cv-1517 and 1:19-cv-4671 which had been mistakenly docketed with the "Emergency Motion." It also sought to enforce the settlement agreement. It was transferred back to the Southern District so it could be docketed in those cases where Mr. Ali intended that it be filed.

The Southern District denied the motion in both cases. Both orders explained that to enforce the settlement agreement, he must file a new lawsuit.

> However, the plaintiff must note that "[s]uits for breach of contract, including those to enforce ordinary settlements, arise under state law. They cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction, such as diversity." *Jones v. Association of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). The parties may have agreed among themselves that an action to enforce the settlement may proceed in this District, but their agreement does not supply the Court with jurisdiction to hear the case. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . .").

1:17-cv-1517, ECF 182 at 2; and 1:19-cv-4671, ECF 80 at 2.

Because it would be futile for Mufti Abdul El-Malik-Bey Ali to file a signed complaint in this case, it is DISMISSED so he can file a new lawsuit in Marion County, Indiana to enforce the allegedly breached settlement agreement.

SO ORDERED.

May 15, 2023                     *s/ Damon R. Leichty*
                                 Judge, United States District Court